Emory FORD et ux., Appellants,

v.

TEXAS & PACIFIC RAILWAY COMPANY, Appellee.

No. 3823.

Court of Civil Appeals of Texas.
Eastland.
Sept. 13, 1963.

John Whiteside, Ft. Worth, Dewey Cox, Jr., Ranger, for appellants.

Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Earl Conner, Jr., Eastland, for appellee.

COLLINGS, Justice.

Emory Ford and wife brought suit against the Texas and Pacific Railway Company for damages on account of the death of their son, Tommy Ford, who was killed in a collision between defendant's train and the automobile operated by the deceased. The collision occurred at the Main Street crossing in the City of Ranger, Texas, on February 16th, 1960. The case was tried before a jury which found no acts of negligence on the part of the defendant and found four acts of contributory negligence against plaintiffs' son proximately causing the fatal collision. Based upon the verdict judgment was entered in favor of the defendant railway company and Mr. & Mrs. Ford have appealed.

■ There is no statement of facts showing the evidence adduced at the trial. The only record of any testimony is that presented on appellants' motion for a new trial, bearing upon the question of the alleged disqualification and misconduct of one of the jurors. Appellants' points of error are limited, solely, to the alleged misconduct and disqualification of such juror. Appellants urge that the court erred in

holding (1) that the juror, W. E. Austin, was not prejudiced in favor of appellee railway company and not disqualified to serve as a juror and (2) that such juror was not guilty of misconduct in that he decided in favor of appellee before the evidence was heard. Appellants' points are not well taken and are overruled. In considering the question of whether a judgment should be reversed because of jury misconduct, the appellate court will examine the matter in the light of the entire record including the evidence heard on the motion for new trial and the evidence in the main trial and all other parts of the record pertinent to the issue. Rule 327, V.A.T.R. provides that:

"Where the ground of the motion is misconduct of the jury * * *, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, * * *, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

■ Since there is no statement of facts showing the evidence adduced at the trial of the case on the merits, we have no way to determine that the alleged jury misconduct and alleged prejudiced juror probably resulted in the rendition of an improper judgment. See Davis v. Damge, Tex.Civ. App., 328 S.W.2d 203, (Ref. N.R.E.); Chadwick v. Glens Falls Insurance Company, Tex.Civ.App., 340 S.W.2d 501. In the last cited case which is directly in point the court stated as follows:

"The burden is on the plaintiff, who complains of the trial court's action, to show from the record as a whole that the errors complained of amount to such a denial of his rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case."

We have also, however, examined the testimony presented on the motion for new trial bearing upon the question of the alleged disqualification and misconduct of the juror, W. E. Austin, and find that the trial court did not abuse its discretion in finding as a fact that such juror was not prejudiced against appellants and that he was not guilty of misconduct by having a preconceived opinion as to the merits of the case. In determining these facts the trial court heard the testimony of Mr. Austin, himself, who testified that he didn't have "any particular axe to grind in the case" and that he did not "have a preconceived notion" about the case when he was selected as a juror. He denied making any statement while going to and from court during the trial that he did not feel that the railroad owed the Fords anything as a result of the collision. He stated that the only benefits received by any of his family from a railway company was that his mother draws benefits that are received when a person reaches 65, that is, instead of Social Security, "its whatever the railroad retirement thing is." The juror, however, denied that this matter was mentioned in the jury room.

■ The question of whether the juror was prejudiced against appellants and guilty of misconduct or of having a preconceived opinion as to the merits of the case, were under the evidence questions of fact for the trial court. The trial court heard the evidence on a motion for new trial and made no express findings of fact but it is presumed, in support of the judgment, that the court found the juror was neither prejudiced nor guilty of misconduct. Such findings must be respected by this court unless it can be said that the trial court abused its discretion. The evidence presented on the motion for a new trial, in our opinion, amply supports the presumed finding that the juror, Austin, was not prejudiced against appellants and was not guilty of misconduct.

The judgment is affirmed.